IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 0 2004

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Civ. No. 03-1319 JC/RLP
    Cr. No. 02-1360 JC

MACARIO GALVEZ-ROJAS,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### Facts and Procedural History

1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction, filed pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel at sentencing. The Defendant was picked up by Border Patrol Agents on April 23, 2002. He had previously been deported from the United States on June 26, 2001 following a conviction for robbery in New York City on October 6, 2000.[2] He was indicted for Reentry of Deported Alien Previously Convicted of An Aggravated Felony, in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(2).

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] The charge was Attempted Robbery and he was sentenced to one year; he served eight months. He was 19 at the time of arrest.



2.     Mr. Galvaz-Rojas pleaded guilty.  The Presentence Report (PSR) indicated

a total offense level of 21.[3]  Pursuant to the Guideline Provisions, an offense level of 21 for

Zone D carries a sentence of 46 to 57 months' imprisonment.

3.     The case came on for sentencing before Judge Downes.  At sentencing,

Judge Downes expressed his dislike for the Guidelines and asked defense counsel if there

was any law which would allow a downward departure. Sentencing Transcript, Vol. I at 8-

9.  Counsel asked for time to research, which was granted.  The court reconvened the next

day, but counsel told Judge Downes he had been unable to find any legal authority which

would support a downward departure. Sentencing Transcript, Vol. II at 15.

4.     Judge Downes sentenced Mr. Galvez-Rojas to the minimum applicable

sentence, 46 months.  With new court-appointed counsel, Mr. Galvez-Rojas took an

immediate appeal based on ineffective assistance of counsel at sentencing.  The Tenth

Circuit's opinion in *United States v. Galvez-Rojas*, 78 Fed.Appx. 82 (10th Cir. 2003)

declined to review that claim on direct appeal, stating that a § 2255 Motion was the

preferred route for alleging counsel's ineffectiveness.  Defendant filed his Motion in this

court and alleges that his counsel was ineffective.

## DISCUSSION

5.     The standard for ineffective assistance of counsel is set forth in *Strickland v.*

*Washington*, 466 U.S. 668 (1984).  To prevail, the Defendant must show both that

---

[3] The Base Offense Level of 8 was increased by 16 points for his reentry after deportation following a crime of violence.  That 24 point total was decreased by 3 points for his acceptance of responsibility.

2

counsel's performance was constitutionally deficient and that he suffered prejudice as a result. *Id.* at 687, 694). In the sentencing context, Defendant must show that "but for the ineffectiveness of counsel, there was a reasonable probability he would have received a shorter sentence." *Rice v. Champion*, 58 Fed.Appx. 416, 421 (10th Cir. 2003) (citing *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). Here, Defendant submits a time-sheet from his former lawyer indicating that the requested research was not done and therefore his counsel provided ineffective assistance for failing to secure a downward departure for Defendant.

6.    In *United States v. Marquez-Gallegos*, 217 F.3d 1267 (10th Cir.), *cert. denied*, 531 U.S. 905 (2000), the court addressed similar sentencing facts to the instant case. In its discussion of whether a downward departure could apply when the defendant had committed a felony, the court stated:

> The spectrum of aggravated felonies that may lead to a sixteen-level enhancement extends from the gravest of offenses to relatively minor ones. *See* § 2L1.2 commentary at n.1 (1999) . . . . In cases where the aggravated felony is relatively minor, the one-size-fits-all, sixteen-level enhancement of § 2L1.2(b)(1)(A) may result in a disproportionately harsh sentence. . . .
>
> The Commission set forth . . . three criteria to be used in identifying those defendants who may be at risk of receiving a disproportionately harsh sentence: "(A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year." § 2L1.2 commentary at n.5 (1999)

217 F.3d at 1270.

3

7.    Defendant herein easily meets (A) and (B): he had no prior record and his sentence was one year.  The question is whether his conviction for Attempted Robbery constitutes a crime of violence.

> The term "crime of violence" means--
>
> (a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial rise that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (crime of violence defined).

8.    Defendant was convicted of attempted robbery in New York state.  The elements of robbery include the forcible taking of property.  *People v. Miller*, 661 N.E.2d 1358, 1360 (N.Y. 1995) (quoting Penal Law § 160.00[1], [2]).  An "attempt" occurs when a person "'with the intent to commit a crime . . . engages in conduct which tends to effect the commission of such crime.'"  *Id.* (quoting Penal Law § 110.00).

9.    The Sentencing Guidelines include robbery as a crime of violence.  § 2L1.2, Commentary 1(B)(iii).  *See United States v. Granados-Marin*, 83 Fed.Appx. 834, 836-37 (7th Cir. 2003) (finding attempted robbery a crime of violence regardless of whether the prior crime actually involved force).  In the instant case, the attempted robbery resulted in the victim's being cut with the Defendant's knife.  PSR, ¶ 16, at 4.  In his § 2255 Motion, the Defendant states that he was attacked by a rival gang and used his knife in self-defense, but plead guilty at the insistence of his New York counsel.

4

10.     Regardless of surrounding circumstances, Defendant pled guilty to a crime of violence and therefore did not qualify for a reduction in his sentence.  Thus, even if counsel was ineffective for failing to investigate the law, Defendant has failed to provide any facts to the court which would indicate that at sentencing, he would have been entitled to a downward departure.

## Recommended Disposition

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction, filed pursuant to 28 U.S.C. § 2255, be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

5